IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLIE LEE STEWART, SR., | § | |
| (TDCJ # 01897620), | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-26-1525 |
| | § | |
| RANDY REAM, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

The plaintiff, Charlie Lee Stewart, Sr. (TDCJ #01897620), is currently in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division. Proceeding *pro se*, he filed a civil-rights complaint under 42 U.S.C. § 1983 against Randy Ream and Christina Ream, the co-owners of Pro-Care Non-Emergency Transportation, for injuries he suffered in a vehicle accident while a passenger in a Pro-Care ambulance. (Dkt. 1).

Because Stewart is a prisoner seeking relief under § 1983, the Court must examine his claims and dismiss his complaint, in whole or in part, if it determines that the action is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such

relief." 42 U.S.C. § 1997e(c)(1). After considering Stewart's complaint, the Court concludes that this case must be dismissed for the reasons explained below.

## I.  BACKGROUND

In January 2026, Stewart filed a civil-rights complaint under § 1983 in the Eastern District of Texas. (Dkt. 1). He sued the Estate of Randy Ream, Deceased, and Christina Ream, as co-owners and employees of Pro-Care Non-Emergency Transportation. Although the accident occurred in the Eastern District of Texas and all medical care was provided there, the Eastern District transferred this action to this Court in February 2026 "for the convenience of parties and witnesses," apparently because the surviving defendant lives in this District. (Dkt. 3).

Stewart's complaint alleges that on April 8, 2024, he was transported in a Pro-Care ambulance from TDCJ's Telford Unit in New Boston, Texas, to a routine doctor's appointment at Hospital Galveston. (*Id.* at 4). The trip to Galveston was uneventful. (*Id.*).

At around 4:30 p.m., the same Pro-Care ambulance picked Stewart up from Hospital Galveston for the return trip to the Telford Unit. (*Id.* at 6). Stewart was in the back of the ambulance, strapped to a gurney and watching Netflix. (*Id.*). As the ambulance traveled through Bowie County on U.S. Highway 67, it was involved in an accident. (*Id.*). Stewart did not hear any braking before the accident, which occurred at a high rate of speed. (*Id.*). Stewart was thrown against the straps of the

2/9

gurney. (*Id.*). The TDCJ officer who was riding in the back with him was not wearing a seatbelt, and she was thrown out of her seat, across the ambulance, and onto Stewart. (*Id.*). Stewart suffered injuries to his shoulder, back, chest, and legs. (*Id.*). He, along with the other occupants of the ambulance, were transported to St. Michael's Hospital for evaluation and treatment. (*Id.*). Stewart alleges that he has continued to receive treatment for his injuries through TDCJ.

Stewart alleges that Randy Ream, the driver of the ambulance, was negligent because he failed to maintain a safe rate of speed for the weather conditions. (*Id.* at 3). He alleges that Christina Ream is liable as the co-owner of Pro-Care. (*Id.*). As relief, Stewart seeks an award of money damages to compensate for his injuries and his pain and suffering. (*Id.* at 4).

## II.  LEGAL STANDARDS

### A.  Actions Under 42 U.S.C. § 1983

Stewart brings his action under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person

acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman,* 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under [§] 1983 must show deprivation of a federal right." *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) (per curiam). The second element means that generally only *state* actors—not private parties—can be liable for violations of civil rights. *See Frazier v. Bd. of Tr. of Nw. Miss. Reg'l Med. Ctr.,* 765 F.2d 1278, 1283 (5th Cir. 1985).

## B.      The Prison Litigation Reform Act

Stewart's action is governed by the Prison Litigation Reform Act, (PLRA). The PLRA requires the Court to examine the legal and factual basis of a prisoner's complaint and dismiss the case if it determines that the complaint "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v. Hernandez,* 504 U.S. 25, 31-32 (1992)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v.*

4/9

*Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). A complaint fails to state a claim upon which relief can be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In conducting its screening review, the Court must construe all allegations "liberally in favor of the plaintiff" and must consider whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). But if the complaint does not state a claim for relief, it may be dismissed, even before service on the defendants. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### C.   *Pro Se* Pleadings

Stewart is proceeding *pro se* in this action. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per

5/9

curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this liberal standard, *pro se* litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). They must "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (cleaned up).

## III. <u>DISCUSSION</u>

Stewart sues Randy Ream and Christina Ream as the co-owners of Pro-Care Nonemergency Transportation, a private business located in Humble, Texas. His action must be dismissed for two reasons.

First, as explained above, § 1983 provides a cause of action only against state actors. *See West*, 487 U.S. at 48. As a private business, even one contracting with a state agency, Pro-Care qualifies as a state actor only if it is performing a function that "is traditionally the exclusive province of the state." *Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 460 (5th Cir. 2003) (per curiam). Under this standard, the functions must be both traditionally and exclusively governmental. *See Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241-42 (5th Cir. 1999). Neither the government's approval of nor acquiescence in the conduct of a private party is sufficient to make

6/9

the private entity liable under § 1983. *See, e.g., Blum v. Yaretsky*, 457 U.S. 991, 1004-05 (1982); *Manax v. McNamara*, 842 F.2d 808, 813 (5th Cir. 1988).

Providing non-emergency ambulance transport is not a function that is either traditionally or exclusively within the province of the government. *See Quiroz v. Hernandez*, No. 25-40032, 2026 WL 395232, at * 2 (5th Cir. Dec. 31, 2025). Therefore, a private ambulance company contracting with a state or municipality is not a state actor for purposes of a § 1983 action. *Id.* In addition, Randy Ream and Christina Ream are private citizens employed by a private company. They are not employed by the State of Texas, and they are not state actors. *Id.* Accordingly, because the defendants are not state actors, they are not subject to suit under § 1983.

Second, Stewart does not allege claims that arise under the Constitution or federal law. A claim for negligence is a state tort action, not a federal constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 331–32 (1986). Section 1983 has never been interpreted to provide that simple negligence on the part of a prison or other state official is a basis for a constitutional violation. *Id.* Therefore, a claim of negligent driving does not establish a violation of a constitutional right for purposes of pursuing a § 1983 action. *See, e.g., Baughman v. Hickman*, 935 F.3d 302, 309 (5th Cir. 2019); *Burns v. Davis*, No. 4:15-cv-3280, 2017 WL 4250529, at *4 (S.D. Tex. Sept. 22, 2017) (when prisoner alleged that the prison official drove a prison van at excessive speeds in wet and foggy conditions, the claim sounded in negligence

7/9

and could not proceed under § 1983). Further, Stewart calls the accident one of "negligence," and asserts no facts which would show deliberate indifference or any other constitutional violation by any defendant.

For both reasons, Stewart's § 1983 claims for negligence against employees of a private business must be dismissed under 42 U.S.C. § 1997e(c) as legally frivolous and for failing to state a claim upon which relief can be granted. If Stewart wishes to pursue these claims, his action is properly filed only in state court.

## IV.  <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. The civil-rights action filed by Charlie Lee Stewart, (Dkt. 1), is **DISMISSED with prejudice** for failing to state a claim upon which relief can be granted.

2. This dismissal is without prejudice to any right Stewart may have to file his claims in the state courts.

3. Any pending motions are **DENIED as moot.**

4. Final judgment will be separately entered.

5. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

The Clerk shall send a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk shall also send a copy of this dismissal to the Three-Strikes List

Manager at the following email: **Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas, on _____ *March 6* _____, 2026.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE

9/9